Chen v. Holder

BIA
A078 928 151

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of May, two thousand fourteen.

PRESENT:
> JOSÉ A. CABRANES,
> DEBRA ANN LIVINGSTON,
> SUSAN L. CARNEY,
> *Circuit Judges.*

_____

RENG SHENG CHEN, AKA REN SHENG CHEN,
> *Petitioner,*

v.                                        13-670
                                          NAC
ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Fuhao Yang, Law Office of Fuhao Yang, New York, NY.

FOR RESPONDENT:          Stuart F. Delery, Assistant Attorney General; Edward J. Duffy, Senior Litigation Counsel; Nicole R. Prairie, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Reng Sheng Chen, a native and citizen of China, seeks review of a January 29, 2013 decision of the BIA denying his untimely and number-barred motion to reopen. *In re Reng Sheng Chen*, No. A078 928 151 (B.I.A. Jan. 29, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (per curiam). An alien seeking to reopen proceedings is required to file a motion to reopen no later than 90 days after the date on which the final administrative decision was rendered and may file only one such motion. *See* 8 U.S.C. § 1229a(c)(7)(A), (C); 8 C.F.R. § 1003.2(c)(2). There is no dispute that Chen's 2012 motion was untimely and number barred because he filed two prior motions to reopen and his order of removal became final in 2007. *See* 8 U.S.C. § 1101(a)(47)(B). Chen contends, however, that his recent conversion to Christianity in the United States and worsened treatment of Christians in China

2

constitute materially changed conditions excusing his motion from the applicable time and number limitations.  He also argues that the attorney who filed his second motion to reopen rendered ineffective assistance of counsel.

The BIA did not abuse its discretion in denying reopening due to Chen's failure to support his motion with an application for relief.  The applicable regulation makes clear that an appropriate application for relief is mandatory, not permissive.  *See* 8 C.F.R. § 1003.2(c)(1) ("A motion to reopen proceedings for the purpose of submitting an application for relief must be accompanied by the appropriate application for relief and all supporting documentation."); *Lin Xing Jiang v. Holder*, 639 F.3d 751, 757 (7th Cir. 2011).

Chen's contention that the BIA erred by requiring evidence of changed conditions in his home province of Fujian is misplaced because he bore the burden of supporting his motion with "material" evidence.  *See* 8 C.F.R. § 1003.2(c)(1); 8 U.S.C. § 1229a(c)(7)(B).  *Cf. Jian Hui Shao v. Mukasey*, 546 F.3d 138, 148-49, 160-62 (2d Cir. 2008) (stating that where enforcement of a policy varies, it is the applicant's burden to show a well-founded fear of

persecution in his locality in China).  Chen does not challenge the BIA's finding that he failed to demonstrate materially changed conditions in Fujian Province.  He has therefore waived review of this dispositive determination. *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 542 n.1 (2d Cir. 2005).

Lastly, the BIA did not err by declining to address Chen's ineffective assistance claim.  Ineffective assistance of counsel may toll the 90-day time limitation on motions to reopen if the movant has exercised "due diligence" in pursuing his claim throughout the entire period sought to be tolled.  *See Rashid v. Mukasey*, 533 F.3d 127, 130-31 (2d Cir. 2008).  However, Chen's ineffective assistance claim, even if credited, could not furnish a basis for tolling the 90-day time limitation because his attorney's allegedly deficient representation did not commence until 2009—well after the 90-day period had expired.  Chen's assertion that the BIA erred by declining to reopen his proceedings *sua sponte* is also misplaced because his motion did not request *sua sponte* reopening, which, in any event, we generally lack jurisdiction to review.  *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 107 n.1 (2d Cir. 2007) (recognizing

4

that issue exhaustion is a mandatory, although not jurisdictional, requirement); *see also Ali*, 448 F.3d at 518 (holding that this Court lacks jurisdiction to review the BIA's "entirely discretionary" decision to decline to reopen proceedings *sua sponte*).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk